IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:23-cr-00350-CNS

UNITED STATES OF AMERICA,

 Plaintiff,

v.

FRANCISCO GENE SALAZAR,

 Defendant.

**ORDER**

Before the Court is the Defendant Francisco Gene Salazar's letter requesting compassionate release, which the Court is analyzing as a motion filed under 18 U.S.C § 3582(c)(1). ECF No. 43. The Government has responded in opposition to the motion. ECF No. 45. For the reasons explained below, Defendant's motion is DENIED.

**I. SUMMARY FOR PRO SE DEFENDANT**

You filed a letter requesting your immediate, compassionate release from incarceration. As the Court has determined that you properly submitted your administrative request for release to the Bureau of Prisons, the Court considered whether you have presented "extraordinary and compelling reasons" for release. Although the Court is sympathetic to the hardships faced by your family at this time, the circumstances described in your letter are not the kind of extraordinary and compelling circumstances

1

that warrant release. For these reasons, and as explained further below, the Court is denying your request.

## II. BACKGROUND

In 2023, Defendant pleaded guilty to one criminal count of possession of a firearm and ammunition by a prohibited person under 18 U.S.C. § 922(g)(1). ECF No. 24. Defendant was sentenced to a term of 27 months incarceration, to be followed by three years of supervised release. ECF No. 35. According to Bureau of Prisons (BOP) records, Defendant's projected release date is November 2, 2026.

Earlier this year, Defendant filed a motion seeking compassionate release, which the Court denied due to Defendant's failure to exhaust administrative remedies as required by U.S.C. § 3582(c)(1)(A). ECF No. 42. Defendant subsequently filed the instant motion, again requesting that the Court consider his request for compassionate release. ECF No. 43. Defendant now states that he submitted a request for compassionate release to the BOP on July 29, 2025. *Id.* at 1. Defendant states that while he has not yet received a formal response to his request, he was told orally by Mr. Rivers, the BOP complex warden at United States Penitentiary (USP) Beaumont, that his request would be denied. *Id.*; *see also* ECF No. 47 at 1.

Defendant now seeks compassionate release based on his family circumstances. *Id.* He expresses a desire to be present for his family and to assist with their financial obligations following the death of his wife's parents. *Id.* Defendant states that his wife is in a "severe financial situation," including due to an added financial burden to pay bills on multiple properties following the death of his wife's mother, and that his wife is struggling

to take care of their children. ECF No. 47 at 1. Defendant further explains that the loss of his wife's mother has led to additional hardship because his wife's mother helped care for their children and assisted with the family's bills since Defendant had been incarcerated. *Id.* Defendant also states that mental health issues suffered by his wife and daughter have put a significant strain on his family, including resulting in his wife seeking leave under the Family and Medical Leave Act (FMLA). *Id.* Defendant states that he is scheduled to be transferred to a halfway house in May 2026 and will be released from the BOP in November 2026. ECF No. 47 at 1.

### III.   ANALYSIS

#### A.   Exhaustion of Administrative Remedies Under § 3582(c)(1)(A)

Under the First Step Act, a defendant may file a motion for compassionate relief only after having "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is satisfied if: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf;" or (ii) thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

In his motion, Defendant states that he submitted a request for compassionate release to the BOP on July 29, 2025, and explains that although he has not received any documentation containing a formal denial, Defendant was told orally by the warden that his request would be denied. ECF No. 43 at 1; *see also* ECF No. 47 at 1 (stating that Defendant submitted the pages "included in the motion" to the BOP in support of his request for release). In response, the Government argues that Defendant has again failed

3

to meet the statute's exhaustion requirements and claims that the BOP has no record of Defendant's July 2025 request. ECF No. 45 at 3. In support of its argument, the Government attaches to its response a one-page document titled "Administrative Remedy Generalized Retrieval," ECF No. 45-1, but does not explain what information this document reflects (or is missing), how it is related to the Defendant (because the document does not contain Defendant's name and appears to be cut off in-part), or how that record was retrieved. The Government also fails to address Defendant's argument that his request was made to, and then orally denied by Mr. Rivers, the warden at USP Beaumont.

As the Government's response addresses neither Defendant's request to Mr. Rivers, nor Mr. River's response denying the same, the Court accepts Defendant's representation that his request for compassionate release was submitted to the BOP on July 29, 2025.[1] Because thirty days have lapsed since Defendant submitted his request, ECF No. 43 at 1, the Court finds that Defendant has satisfied his burden to exhaust administrative requirements under § 3582(c)(1)(A). *See, e.g.*, *United States v. Snyder*, No. 20-10005-4-EFM, 2022 WL 1405524, at *2 (D. Kan. May 4, 2022), *aff'd*, No. 22-3089, 2023 WL 370901 (10th Cir. Jan. 24, 2023) (finding that defendant met his exhaustion burden where he requested compassionate release from a warden but "had not received a response" over 30 days after the request).

---

[1] In the Tenth Circuit, this exhaustion requirement is a mandatory claim-processing rule, meaning the requirement is not "jurisdictional," and "challenges based on the failure to exhaust 'can be waived or forfeited.'" *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) ("mandatory claim-processing rules do not implicate the courts' adjudicatory authority").

4

### B. Extraordinary and Compelling Circumstances Under U.S.C. § 3582

Under 18 U.S.C. § 3582(c)(1), after a Defendant satisfies the exhaustion requirement, a Court may modify an existing sentence only if it certain conditions are met. The Tenth Circuit has adopted a three-step test for considering motions filed under § 3582(c)(1). *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). Under this test, a district court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the Court be reasonably assured the defendant will not present a danger to the community; and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) support release under the particular circumstances of the case. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i) (alterations omitted)). "A district court may properly deny a compassionate-release motion if any of these three prerequisites is lacking and need not address the other two." *United States v. Snyder*, No. 22-3089, 2023 WL 370901, at *1 (10th Cir. Jan. 24, 2023) (citation omitted).

As detailed above, Defendant argues that the financial and mental health-related hardships that his family has faced during his incarceration demonstrate exceptional circumstances warranting his release. *See generally* ECF Nos. 43, 47. In response, the Government contends that Defendant's request should be denied because Defendant's desire to help his wife and take care of their children does not qualify as an "extraordinary and compelling circumstances identified in U.S.S.G. § 1B1.13(b)(3)" given that "defendant's wife is currently taking care of their children, and there is no indication that

5

she has become incapacitated." *Id.* at 6. The Government further argues that Defendant has failed to meet his burden because Defendant's circumstances "reflect desire but not necessity, which is not sufficient to sustain his motion." *Id.* The Court agrees that Defendant has failed to meet his burden here.

When considering a motion under § 3582(c)(1)(A), the Court looks to the Sentencing Commission's policy statement on compassionate release for guidance. *See United States v. McCoy*, No. 25-6039, 2025 WL 2353013, at *2 (10th Cir. Aug. 14, 2025) (citing U.S.S.G. § 1B1.13). Policy statement § 1B1.13 recognizes six categories of "[e]xtraordinary and compelling reasons" justifying compassionate release, including compelling family circumstances of the defendant.[2] U.S.S.G. § 1B1.13(b)(3). While the policy statement specifically enumerates different "family circumstances courts may consider in deciding a motion for compassionate release," *United States v. Crespin*, No. 23-2111, 2024 WL 3084972, at *3 (10th Cir. June 21, 2024), each circumstance involves a situation wherein someone in defendant's life (e.g., a minor child, spouse, registered partner, parent, or other immediate family member) is left without a caregiver due to death or incapacitation and where the defendant "would be the only available caregiver for such family member or individual," U.S.S.G § 1B1.13(b)(3).

---

[2] Additional categories of "extraordinary and compelling reasons" under § 1B1.13(b) include certain medical circumstances of the defendant; a combination of advanced age, deteriorating health, and a significant term of imprisonment already served; sexual or physical abuse committed by correctional staff against the defendant; other reasons that are similar in gravity to the prior four categories of extraordinary and compelling reasons; and an unusually long sentence, combined with the defendant having served at least ten years and a subsequent change in law producing a gross sentencing disparity. As Defendant's motion is focused entirely on his family circumstances, the Court does not consider these other factors.

The instant motion does not present a circumstance where Defendant's family member is incapacitated and left without a caregiver. While Defendant expresses a desire for release so that he can work and support his wife and children, he does not argue that his wife is incapacitated or unable to care for herself or their children. ECF No. 43 at 1; ECF No. 47 at 1. Nor does Defendant claim that his wife is "completely disabled" or unable to "carry on any self-care and is totally confined to a bed or chair." *McCoy*, 2025 WL 2353013, at *3 (citing BOP Program Statement 5050.50 (Jan. 17, 2019)). Rather, Defendant states that although his wife is "struggl[ing]" to care for their children and is alone in managing the family's "severe financial situation" following the death of his wife's mother, his wife is currently "working and trying to take care of everything on her own," ECF No. 47 at 1.[3]

While the Court sympathizes with Defendant's situation and the undoubtably difficult strain that his incarceration has had on his family, the Court finds that these facts do not present a "compelling family circumstance" warranting Defendant's release under § 3582(c)(1)(A). *See, e.g.*, *McCoy*, 2025 WL 2353013, at *3 (affirming the district court's denial of defendant's motion for compassionate release and finding that despite arguing that his mother "suffers from pain and a serious condition," defendant failed to demonstrate that his mother is "incapacitated because she is still able to drive and live independently at home"); *United States v. Crespin*, No. 23-2111, 2024 WL 3084972, at *5 (10th Cir. June 21, 2024) (affirming the district court's finding that defendant failed to

---

[3] Included in Defendant's motion is the form completed in support of his wife's request for medical leave. *See* ECF No. 47 at 3–6. However, that paperwork is dated September 24, 2024, and does not indicate the start or end date of her medical leave. *Id.* at 5. Given that Defendant also states that his wife is currently working, this paperwork does not support a finding that Defendant's wife is currently incapacitated.

7

demonstrate that his son is not receiving sufficient care while suffering from cancer where defendant's wife had "been doing her best to help" his son despite "facing challenges in caring for herself and her family" and "struggling to manage" her own health condition); *United States v. Lattany*, No. 23-CR-00074-NYW-1, 2025 WL 1382998, at *6 (D. Colo. May 13, 2025) (denying defendant's request for compassionate release and finding that defendant's desire to "provide care to her grandmother and four children . . . does not constitute an 'extraordinary and compelling circumstance'" where "[t]here is no indication from the record that [defendant's] grandmother is not receiving care from other family members").

## IV.   CONCLUSION

Because Defendant has not successfully demonstrated extraordinary and compelling reasons warranting his immediate release from incarceration, Defendant's motion for compassionate release, ECF No. 43, is DENIED.

DATED this 15th day of October 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge